Cabuthebs, J.,
delivered the opinion of the court.
Plaintiff held a note made by John Ingram to Isaac SMllern, and endorsed by the defendants, for $308, due 27th November, 1850. An action of assumpsit was brought against the said endorsers on the 12th September, 1854, declaration and judgment by default at September term, 1854. This was set aside upon affidavit at the next term, with leave to plead. At the same term, and before pleading, the plaintiff was upon motion, permitted to amend by changing the form of action from case to debt, whereupon it was moved by the plaintiff to allow a farther amendment by making Thomas Ingram, administrator of John Ingram, deceased, the maker of the note, a party defendant, and it being made to appear to the court that the estate of John Ingram was insolvent, and the suggestion of the same had been made to the proper authority before the institution of this suit, the motion was refused. A demurrer to the declaration, as amended, was then filed and sustained by the court.
The errors assigned are:
1. The judgment by default was improperly set *700 aside. This was a , matter resting in the sound discretion of the court, and we think it was not improperly exercised. The reasons for not appearing and making defence at the return term are sufficient, and it is no legal ground of objection, that the facts were established by the affidavit of another instead of the defendants:
2. The court was bound by the act of 1851-2, ch. 152, § 6, to allow amendments, making proper parties. This is true, but was Thomas Ingram a proper party? He had suggested the insolvency of the estate of his intestate, and by the 8th section of the 283 ch. of the acts of 1851-2, that is made to “ operate as an injunction in all cases against the bringing of any suit before any judicature, whatever against the administrator or executor of such insolvent estate.” This must certainly be regarded as the “bringing of a suit” against Thomas Ingram. There was no suit pending against him at the time of the suggestion; and if a suit could not be instituted against him after that, he could not surely be made a substantial party by amendment in a suit between others for a debt for which the estate would be made liable.
If this were not so, the statutory prohibition could be always evaded and afford no protection to estates against costs and litigation, which was the object of the enactment.
Here, then, was a statutory injunction which the court was asked to permit the plaintiff to violate. The court is not required to allow improper but “ proper parties ” to be lawfully made. The party asking the amendment must show this, • and the court is to judge of it. In this case the facts appearing forbid the ac *701 tion of the court requested. It was not necessary to wait for a plea from the administrator, the fact was admitted, and the court could not disregard it. It can only be regretted, that the effects of these principles in the present case will prevent the plaintiff from holding the defendants to their liability as endorsers, as by the law, an action of debt will not lie against them without including the mater, which would avoid the limitation of three years, and must therefore fall before their demurrer; and the action of assumpsit must fail, because it is subject to the bar of the limitation of three years. The plaintiff is therefore upon the horns of a dilemma. But we cannot loot to these consequences, the principles of law are general and cannot yield to hard cases.
After all, the fault is with the plaintiff, it should have been more vigilant in the pursuit of its rights.
The judgment will be affirmed.